UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SONIA E. CASTERA ROBLES, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. H-09-2310 |
| § | |
| C. M. CAYTON, *et al*, § | |
| § | |
| Defendants. § | |
| § | |

**MEMORANDUM OPINION AND ORDER**

**I.   Introduction**

Pending before the Court is the defendants', City of Houston and Officers C.M. Cayton, J. Oliver, J.R. Benavides and L.E. Hernandez,[1] motion for summary judgment (Docket Entry No. 51). The plaintiffs, Sonia E. Castera Robles, Ricardo Ramirez, Daniel Kuilan, Carlos R. Ramirez, and Vanessa E. Ramirez (individually and as the legal guardian of A.T., a minor),[2] filed a response (Docket Entry No. 55), to which the defendants filed a reply (Docket Entry No. 56). After having carefully reviewed the motion, the responses, the record and the applicable law, the Court grants the defendants' motion in its entirety.

**II.   Factual Background**

On December 30, 2008, Robles contends that she was wrongfully arrested because she was mistakenly identified as a drug dealer. While staying with her family at a hotel in Houston, Texas, sixty-year old Robles claims that several Houston Police Department ("HPD") officers forcibly grabbed, handcuffed and removed her from her hotel room. Earlier that day, officers

---

[1] In the plaintiffs' first amended complaint, they also list Benjamin Reyes and Officers C. Rozek and S. Zakharia as defendants. However, these last three defendants are not movants in the present motion.

[2] Robles is related, by blood or marriage, to all of the other plaintiffs.

had arrested Reyes for drug-related charges.[3] The arresting officers delivered Reyes to Officers Cayton and Hernandez, and then Reyes directed them to Robles' hotel. At the hotel, Reyes pointed Robles out to Officer Cayton and indentified Robles as his drug dealer.

At that time, Robles contends that she had a fractured ankle that was visibly covered in a bandaged splint, and that she needed crutches to walk. The detaining officers placed her in handcuffs and took her from her hotel room. Robles claims that she began screaming in Spanish for the officers to let her go because she had done nothing wrong. She further alleges that she informed the officers (again in Spanish) that she could not walk without crutches, but that the officers pushed her and forced her to walk on her fractured ankle. At least one of the detaining officers testified that he thought Robles might use her crutches as weapons.

R. Ramirez reports that he exited his hotel room to see Robles standing with the detaining officers, handcuffed and crying, before he was shoved back into his hotel room, as were V. Ramirez, Kuilan and A.T. The detaining officers allegedly prevented those plaintiffs from leaving their hotel room(s) while restraining Robles outside. C. Ramirez, later arrived at the scene, and he claims that an officer pointed a taser gun at him. C. Ramirez further alleges that he observed Robles in pain, sweating, crying for help and having trouble breathing.

The detaining officers eventually requested proof of the plaintiffs' identification, then removed Robles' handcuffs and left the hotel. Following the incident, the plaintiffs telephoned 911 and requested an ambulance for Robles that transported her to a hospital.[4]

---

[3] Reyes was originally apprehended for a public intoxication charge. A search of his person revealed that he was in possession of a residual amount of crack cocaine. The defendant officers were aware of Reyes' possession charge, but they assert that they were unaware of his intoxication charge. They further assert that he appeared possessed of his faculties and capable of communicating effectively.

[4] Subsequently, the plaintiffs claim to have filed an internal affairs complaint with the City. To date, they contend that they have not received any information from the City concerning any investigation performed. They do allege receiving a letter from the City indicating that the most appropriate first step would be mediation, but they deny that mediation or alternative resolution ever occurred.

Of the present movants, Officer Oliver was involved in Robles' detention, and Officer Benavides was present for a portion of her detention. Officers Cayton and Hernandez had no interaction with any of the plaintiffs. On July 22, 2009, the plaintiffs commenced the instant action against the City and the defendant officers. The Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1331.

### III.  Contentions of the Parties

#### A.  The Plaintiffs' Contentions[5]

The plaintiffs allege that the defendants acted under the color of state law, custom or usage to cause them damage and to deprive them of their federal rights, privileges and immunities pursuant to the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983.[6]  The plaintiffs assert causes of action for illegal arrest/detention, excessive force, deliberate indifference and failure to train/supervise HPD officers. The plaintiffs are suing the defendants in their individual and official capacities. The plaintiffs also move to strike a portion of the defendants' summary judgment evidence.

#### B.  The Defendants' Contentions

The defendants maintain that the plaintiffs have no viable cause of action and assert the following defenses to the plaintiffs' claims: contributory negligence of the plaintiffs; qualified, governmental, official and/or sovereign immunity; and the absence of a policy, practice or custom of the City under which the plaintiffs might establish Section 1983 liability.

---

[5] The plaintiffs' live pleading is not a model of clarity, and so their precise allegations are unclear. These allegations are the Court's understanding of the plaintiffs' imprecisely worded contentions. Despite earlier mentions, the plaintiffs have abandoned any potential claims under state law or the Eighth Amendment to the U.S. Constitution. *See* [Docket Entry No. 55, n.1].

[6] The Fourth Amendment pertains to unreasonable searches and seizures. Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."

## IV. Standard of Review

Federal Rule of Civil Procedure 56 authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to that party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also, Martinez v. Schlumber*, *Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex*, *Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994)). The nonmovant may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *American*

*Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (quoting *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether the nonmovant has established a genuine issue of material fact, a reviewing court must construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc*., 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)). Nonetheless, a reviewing court may not "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (citing *Morris*, 144 F.3d at 380). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Houston*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).

**V.     Analysis and Discussion**

    **A.     Allegations of Illegal Arrest/Detention and Excessive Force**

The Court grants the defendants' motion for summary judgment with respect to the plaintiffs' illegal arrest/detention claim. The detaining officers had probable cause to detain Robles based on Reyes' eyewitness identification of her at the hotel. Because the officers had

probable cause to detain Robles, the officers are covered by qualified immunity. "[G]overnmental officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Swint v. Chambers of County Commission*, 514 U.S. 35, 42 (1995) (internal quotation omitted).

To overcome an assertion of qualified immunity, the plaintiffs must allege facts establishing "that no reasonable officer could have believed probable cause existed" to detain Robles in light of the information the officers possessed and the clearly established law. *Mendenhall v. Riser*, 213 F.3d 226, 231 (5th Cir. 2000). If officers of reasonable competence could disagree as to whether the alleged conduct violated the plaintiffs' rights, immunity remains intact. *See Malley v. Briggs*, 475 U.S. 335, 341 (1986). The plaintiffs have not shown the existence of a genuine issue of material fact to reasonably dispute the existence of probable cause to detain Robles or to temporarily sequester the other plaintiffs while detaining Robles and conducting an investigation. Therefore, the Court grants summary judgment on the illegal arrest/detention claim.[7]

The Court also grants the defendants' motion for summary judgment with respect to the plaintiffs' excessive force claim. "To establish a claim of excessive force . . . plaintiffs must demonstrate: '(1) injury, (2) which resulted directly and only from a use of force that was clearly

---

[7] The parties dispute the length of the detention – whether it lasted for approximately five or approximately thirty minutes. But that disputed fact is not material. *See Celotex* at 323. Moreover, Officers Cayton or Hernandez did not even participate in Robles' detention, and Officer Benavides was there only for a portion of the time.

excessive, and (3) the excessiveness of which was clearly unreasonable.'" *Deville v. Marcantel*, 567 F.3d 156, 167 (5th Cir. 2009) *cert. denied* 2010 LEXIS 3019 (internal citation omitted).[8]

The plaintiffs have failed to establish a genuine issue of material fact with respect to the second and third elements of their excessive force claim. *See id.* The plaintiffs contend that the detaining officers pushed some of them and forced Robles to walk without her crutches. Yet the officers had probable cause to believe that Robles was a drug dealer, and they thought that she might use her crutches as weapons against them. Potential drug-related arrests are inherently volatile, and the Spanish/English language barrier further complicated the situation. Tempers rose as multiple languages were spoken and shouted. Reyes identified Robles as his drug supplier, she did not speak English well, and she was surrounded by several family members. The detaining officers used the modicum of force that they deemed appropriate under the circumstances, and the plaintiffs have not shown how that force was "clearly excessive" or "clearly unreasonable." Beyond the pain, if any, that Robles experienced, and the inconvenience suffered as a result of walking without her crutches, there is insufficient indication of injury caused by the detention. *Id.* Therefore, the Court grants summary judgment with respect to the plaintiffs' excessive force claim.[9]

### B. Allegation of Failure to Train/Supervise

Because the Court finds that the defendant officers violated no law, the Court also grants summary judgment for the defendants on the plaintiffs' claim against the City for failure to train/supervise. Section 1983 liability attaches only when "the failure to train amounts to a

---

[8] Excessive force claims are "necessarily fact-intensive," with multiple factors that need to be balanced. *Deville*, 567 F.3d at 167.

[9] Because the Court finds that the officers were justified in detaining the plaintiffs, and because the Court does not find that the officers used excessive force, the Court also grants summary judgment with respect to the plaintiffs' deliberate indifference claim. In sum, because the Court finds that the defendants did nothing illegal, the Court grants summary judgment for the defendants in their individual and official capacities on the plaintiffs' illegal arrest/detention, excessive force and deliberate indifference claims.

deliberate indifference to the rights of persons with whom the police come into contact," and when that failure was the actual cause of the constitutional injury. *City of Canton v. Harris*, 489 U.S. 378, 388-89 (1989). With no constitutional injury, there is no viable claim for failure to train/supervise, and therefore the Court grants summary judgment regarding that claim.

### C. Plaintiffs' Motion to Strike

The plaintiffs also move to strike a portion of the defendants' summary judgment evidence. Specifically, they move to strike the sworn expert report of Captain Richard A. Gerstner, the Division Commander of the Narcotics Division of HPD, asserting that he has regularly provided testimony inside the police department. The plaintiffs claim that if he is a regular expert witness, then the defendants had a duty to disclose that information, citing *Torres v. City of Los Angeles*, 540 F.3d 1031, 1046-47 (9th Cir. 2008). Not only is the plaintiffs' single cited case not binding on the Court, it is also irrelevant to the case at hand. The issue in *Torres* concerned the use of a previously unproduced report at trial by a witness who was "specially employed to provide expert testimony . . . or one whose duties as the party's employee regularly involve giving expert testimony." Fed R. Civ. P. 26(a)(2)(B). Captain Gerstner offered his report and resume in the course and scope of his employment and prior to trial. The plaintiffs' motion to strike is denied.

### VI. Conclusion

Based on the foregoing discussion, the Court GRANTS the defendants' motion for summary judgment.

It is so **ORDERED**.

SIGNED at Houston, Texas this 24th day of January, 2011.

_____

Kenneth M. Hoyt
United States District Judge